{¶ 14} I respectfully dissent. *Page 7 
 {¶ 15} This is a case where no evidence was presented at the expungement hearing. The state of Ohio sent no representative to present its point of view at the hearing it demanded. Defense counsel likewise did not appear.
 {¶ 16} The trial judge, based upon the information before him, granted an expungement and journalized his finding.
 {¶ 17} The state of Ohio, having provided no evidence at the hearing it demanded before the trial court, now argues that for some reason Eric M. Hawkins is ineligible for an expungement. If any other party had failed to appear for the hearing and failed to present any proof, this court would be expected to find that the issue had been waived. Here, the factual material upon which the state of Ohio purports to rely is a "validated criminal history record" which has handwritten notes all over it. We do not know who wrote the notes, whether the notes are factually correct or anything else about them. The machine printed portion of the "validated criminal history" indicates only two related charges were filed against Mr. Hawkins in 1999. The machine printed portion of the "validated criminal history record" does not even indicate that Mr. Hawkins was convicted of either of the charges, let alone of other charges.
 {¶ 18} Under the circumstances, I believe that we cannot find that the trial court erred in granting the expungement. We have no factual basis for making such a finding. We, therefore, should affirm the trial court's ruling on the application for expungement.
 {¶ 19} Again, I respectfully dissent. *Page 1